## W. T. DUNGAN v. STATE

No. 25447. November 21, 1951.

■■■■■■

■■■■■■■■■■■■■

■■■■■■■■■

■■■■■■■■■■■■■

■■■■■■■■■■■■■

Hon. Thos. E. Robertson, Judge Presiding.

■■■■■

*Roland Boyd*, McKinney, and *W. Clyde Hull*, Pittsburg, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the violation of Article 1493, Penal Code, in being engaged in selling feeding stuff without having affixed thereto the tax tag and label required by Articles 1489 and 1492, Penal Code; the penalty, a fine of $100.00.

The appellant testified that he was engaged in the business of selling feed to the dairymen of Northeast Texas, that he had several brand names; and, in addition thereto, he furnished to certain customers a special mixture of feeds adapted to their particular needs of the moment. The purchaser of the feed in question testified that the sacks of feed were delivered by the

appellant's agent to him bearing only a tag marked "Special Mixture No. 11," and that they bore no indication that the tax had been paid or that the other requirements as to the name of the manufacturer, etc., as prescribed by the foregoing articles, had been complied with. In this he was corroborated by the State Feed Inspector.

Appellant further testified that it required about two weeks to comply with the terms of the statute requiring the filing of a statement of the contents of a labeled feed with the Texas Agricultural Experiment Station, as required by Article 1491, Penal Code; that often his customers would indicate a change in the formula they desired on short notice, and that, therefore, compliance with the law was impracticable.

In the trial court, appellant defended on the theory that in the case of the untaxed special mixture he had sold the ingredients to the customers at wholesale and then had charged them $4.00 per ton for mixing, plus 10c per hundredweight for delivering the same. This was predicated upon the theory that the *sale* was of the ingredients and not the finished product.

We find that the trial court fairly submitted appellant's defense to the jury as follows: "On the other hand, if you believe, from the evidence, that Special Mix No. 11 was prepared, ground, and mixed by the defendant on or about the 13th day of May, 1949, under an arrangement whereby he was selling to private purchasers the ingredients and mixing same for them, then you will acquit him, the defendant, or if you have a reasonable doubt thereof, you will acquit him and say by your verdict, 'not guilty'." The jury found against him on this question.

Appellant comes to this court with what to us is a novel assertion. He contends that since Article 1490, Penal Code, enacted in 1905, which defines "feeding stuff," does not specifically include "special formula feeds," it was not the intent of the legislature to tax such a product. He fortifies this contention with reference to House Bill No. 72, introduced in but not passed by the 52nd Legislature, which would have repealed the articles set forth above and substituted in lieu thereof, among other things, a definition of special formula feed and the placing of a tax thereon.

From the failure of the legislature to enact the above bill, which he claims was sponsored by the Texas Agricultural Ex-

468

periment Station, he contends that the legislative intent not to tax such special formula feeds might be inferred.

Unfortunately for appellant, we cannot pass upon this question, since we are limited in our consideration of the case to the statement of facts and the transcript. Nowhere therein do we find such proposed bill nor any evidence that it was actually proposed to the legislature by said agricultural agency. We cannot take judicial knowledge of bills proposed to the Legislature, but are limited to those actually passed by that body.

Failing to find reversible error, the judgment of the trial court is affirmed.